**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1430
_____

UNITED STATES OF AMERICA

v.

JAHKEL LAMAR,

Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-16-cr-00267-001)
District Judge: Honorable Malachy E. Mannion
_____

Submitted under Third Circuit L.A.R. 34.1(a)
May 2, 2019

Before:  RESTREPO, PORTER and FISHER, *Circuit Judges*

(Filed: September 11, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an Opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Jahkel Lamar appeals his criminal sentence and argues that the District Court erred in determining that he qualified as a "career offender" and thus was subject to an enhanced sentence under § 4B1.1 of the U.S. Sentencing Guidelines ("Guidelines") based on his prior drug trafficking convictions in Pennsylvania under 35 Pa. Cons. Stat. § 780-113(a)(30). For the reasons explained below, we affirm.

**I.**

On April 24, 2017, pursuant to the terms of a written plea agreement, Lamar appeared before the District Court and entered a plea of guilty to possession with intent to distribute in excess of 28 grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B). At the sentencing hearing, the District Court adopted the findings of the Presentence Investigation Report (PSR) prepared by the U.S. Probation Department finding that Lamar was a career offender under Guidelines § 4B1.1 because his two previous Pennsylvania felony drug convictions, along with his prior federal drug conviction, were predicate offenses for career-offender status. Although Lamar objected to the District Court's application of the career-offender enhancement, claiming that his prior Pennsylvania drug convictions should not qualify as "controlled substance offenses" under Guidelines § 4B1.2(b), the Court rejected Lamar's objection. As a result, his advisory Guidelines imprisonment range was 188 to 235 months. Despite the advisory range, however, the Court applied a downward variance from the Guidelines and

2

sentenced Lamar to 144 months in prison, and four years supervised release upon release from imprisonment.[1]

## II.[2]

Under the Guidelines, the career-offender sentence enhancement applies if the defendant "has at least two prior felony convictions of . . . a controlled substance offense." *United States v. Glass*, 904 F.3d 319, 321 (3d Cir. 2018) (quoting U.S.S.G. § 4B1.1(a)). A "controlled substance offense" is an offense that (1) is punishable by a term of imprisonment that exceeds one year and (2) "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* (quoting U.S.S.G. § 4B1.2(b)). "A state conviction cannot qualify as a 'controlled substance offense' if its elements are broader than those listed in § 4B1.2(b)." *Id.*

Here, Lamar's career-offender enhancement was based on his previous federal drug conviction and his two previous Pennsylvania felony drug convictions, although

---

[1] The District Court explained the downward variance was based on an "unwarranted jump" from the sentence Lamar received for his prior conviction to the low end of the Guidelines advisory sentence range in this case, since such an increased term was not "proportional to the amount of drugs [he was] involved with in this particular case." App. 68.

[2] The District Court had subject-matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C § 1291 and 18 U.S.C. § 3742. Our review of the District Court's interpretation of the Guidelines is plenary. *See United States v. Lennon*, 372 F.3d 535, 538 (3d Cir. 2004).

only two of those three convictions needed to constitute "controlled substance offenses" for Lamar to be subject to the enhanced sentence. Lamar was convicted of a 2009 federal charge of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base, cocaine, heroin and marijuana. In addition, he was convicted of two state convictions under 35 Pa. Cons. Stat. § 780-113(a)(30): a 2007 conviction for conspiracy and possession with intent to deliver a controlled substance; and a 2008 conviction for possession with intent to distribute a controlled substance. Lamar argues that because the Pennsylvania statute under which he was convicted "cover[s] a wider range of conduct – including . . . mere offers to buy or sell controlled substances, which are not criminalized by federal law," he should not have been found subject to the sentence enhancement. *See* Appellant's Br. 6.

In *United States v. Glass*, the defendant similarly appealed the District Court's application of the career-offender sentence enhancement under Guidelines § 4B1.1. *Glass*, 904 F.3d at 320. As in this case, in *Glass* the enhancement was based on two prior state convictions under 35 Pa. Cons. Stat. § 780-113(a)(30), and the defendant argued on appeal that the Pennsylvania statute was broader than the Guidelines definition of a "controlled substance offense" to the extent it criminalized a mere offer to sell drugs. *Glass*, 904 F.3d at 322. Our Court held that a mere offer to sell drugs is not impliedly included in the Pennsylvania controlled substance statute, *id.*, and therefore the statute "does not sweep more broadly than § 4B1.2," *id.* at 324. Accordingly, we held that a

4

conviction under the Pennsylvania statute "is a 'controlled substance offense' and may serve as a predicate offense to a career-offender enhancement under § 4B1.1." *Id.* at 324.

Here, because 35 Pa. Cons. Stat. § 780-113(a)(30) "does not sweep more broadly than [Guidelines] § 4B1.2," *see id.*, the District Court correctly determined that Lamar's prior Pennsylvania drug convictions may serve as predicate offenses, and the career-offender enhancement was correctly applied. Thus, we affirm.[3]

---

[3] We need not address the waiver issue raised by the government since Lamar's claim is without merit in any event.